**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| FLEET CREDIT CARD SERVICES, LP | : | CIVIL ACTION NO.: 02 CV 4709 |
| and FLEET CREDIT CARD, LLC | : | J. Green |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO
OUTSTANDING DISCOVERY**

Defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, by and through counsel, McKissock & Hoffman, P.C., hereby move this Honorable Court for an Order compelling plaintiff to respond to outstanding discovery and to appear for their depositions. In support thereof, defendants state as follows:

1. This action involves claims brought by plaintiff, Perry Shalley, against defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC. Plaintiff asserts claims of employment discrimination under the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, as well as, a state law claim for an accounting.

2. On September 6, 2002, defendants served plaintiff with Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Additionally, defendants served plaintiff with a Request for Production of Documents. (See a true and correct copy of defendants' correspondence dated September 6, 2002 attached hereto as Exhibit "A").

3. On October 14, 2002, defense counsel sent plaintiff's counsel a letter noting that plaintiff's discovery responses were overdue, and requesting Mr. Shalley's responses within

seven (7) days. (See a true and correct copy of defendants' correspondence dated October 14, 2002 attached hereto as Exhibit "B").

4.  On October 17, 2002, defense counsel sent a letter to plaintiff's counsel confirming a telephone conversation they had earlier in the week regarding the outstanding discovery responses and Mr. Shalley's availability for deposition testimony. According to plaintiff's counsel, his inability to reach his client caused a delay in timely responding to defendants' outstanding discovery. (See a true and correct copy of defendants' correspondence dated October 17, 2002 attached hereto as Exhibit "C").

5.  Despite the letters of October 14th and 17th, and multiple telephone calls regarding plaintiff's discovery responses, plaintiff and/or plaintiff's counsel failed to respond to defendants' discovery requests. Therefore, on October 31, 2002, defense counsel sent another letter to plaintiff's counsel requesting plaintiff's outstanding discovery responses.[1] Specifically, defense counsel requested plaintiff's responses within ten (10) days so as to avoid the need for filing a Motion to Compel. (See a true and correct copy of defendants' correspondence dated October 31, 2002 attached hereto as Exhibit "D").

6.  To date, plaintiff has failed to respond to defendants' outstanding discovery. Despite defense counsel's repeated efforts to receive plaintiff's discovery responses, plaintiff and/or plaintiff's counsel has neglected to respond nor has plaintiff's counsel requested an extension or filed a protective order with respect to defendants' discovery requests.

7.  Moreover, plaintiff has not even provided defendants with his Initial Disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

---

[1] On October 29, 2002, the Honorable Clifford Scott Green entered an Order approving a Stipulation between defense and plaintiff's counsel regarding an extension of the discovery deadlines in this matter. At no time, did defense counsel agree to forego the receipt of plaintiff's discovery responses within the applicable period set forth in the Federal Rules of Civil Procedure.

8. As such, defendants have been unduly prejudiced in their ability to prepare a proper and adequate defense given plaintiff's failure to respond to outstanding discovery, and comply with the Federal Rules of Civil Procedure.

9. As evidenced above, defense counsel has made a good faith effort to resolve this issue amicably, without judicial intervention and has provided plaintiff's counsel with ample opportunity to respond. However, plaintiff and/or plaintiff's counsel continue to ignore defense counsel's requests and the Federal Rules of Civil Procedure.

**WHEREFORE**, defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, respectfully request that this Honorable Court grant their Motion to Compel and Order plaintiff to fully and completely respond, without objection, to defendants' outstanding discovery requests within seven (7) days.

**McKissock & Hoffman, P.C.**
Attorneys for Defendant,
Fleet Credit Card Services, L.P. and Fleet Credit Card LLC

By: _____
Maureen P. Fitzgerald, Esquire
Melissa B. Gorsline, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| FLEET CREDIT CARD SERVICES, LP | : | CIVIL ACTION NO.: 02 CV 4709 |
| and FLEET CREDIT CARD, LLC | : | J. Green |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S OUTSTANDING DISCOVERY RESPONSES**

**I.   INTRODUCTION**

Defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, by and through counsel, McKissock & Hoffman, P.C., hereby move this Honorable Court for an Order compelling plaintiff to respond fully and completely without objection to defendants' outstanding discovery.

**II.   STATEMENT OF FACTS**

This action involves claims brought by plaintiff, Perry Shalley, against defendants, Fleet Credit Card Services, LP, and Fleet Credit Card, LLC.  Plaintiff asserts claims of employment discrimination under the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, as well as, a state law claim for an accounting.

On September 6, 2002, defendants served plaintiff with Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Additionally, defendants served plaintiff with a Request for Production of Documents.  (See a true and correct copy of  defendants' correspondence dated September 6, 2002 attached hereto as Exhibit "A").

4

On October 14, 2002, defense counsel sent plaintiff's counsel a letter noting that plaintiff's discovery responses were overdue, and requesting Mr. Shalley's responses within seven (7) days. Due to plaintiff's failure to respond, on October 17, 2002, defense counsel sent another letter to plaintiff's counsel confirming a telephone conversation she had with plaintiff's counsel earlier in the week regarding the outstanding discovery responses, and Mr. Shalley's availability for deposition testimony. According to plaintiff's counsel, his inability to reach his client caused a delay in timely responding to defendants' outstanding discovery.

Despite the above-mentioned telephone conversation reflected in the October 17th letter, plaintiff and/or plaintiff's counsel failed to respond to defendants' written discovery request. Therefore, on October 31, 2002, defense counsel sent another letter to plaintiff's counsel requesting plaintiff's outstanding discovery responses.[2] Specifically, defense counsel requested plaintiff's responses within ten (10) days so as to avoid the need for filing a motion to compel. To date, plaintiff has failed to respond to defendants' outstanding written discovery. Despite defense counsel's repeated efforts, plaintiff and/or plaintiff's counsel have neglected to respond, nor has plaintiff's counsel requested an extension or filed a protective order with respect to defendants' discovery requests. Moreover, plaintiff has not even served defense counsel with his Initial Disclosures required by Fed R. Civ. P. 26(a)(1).

Defendants have been unduly prejudiced in their ability to prepare a proper defense given plaintiff's failure to respond to outstanding discovery, and comply with the Federal Rules of Civil Procedure. Moreover, defense counsel has made a good faith effort to resolve this issue

---

[2] On October 29, 2002, the Honorable Clifford Scott Green entered an Order approving a Stipulation between defense and plaintiff's counsel regarding an extension of the discovery deadlines in this matter. At no time, did defense counsel agree to forego the receipt of plaintiff's discovery responses within the applicable time period set forth in the Federal Rules of Civil Procedure governing discovery.

amicably, without judicial intervention and has provided plaintiff's counsel with ample opportunity to respond.

### III. LEGAL ARGUMENT

**Plaintiff Has Failed to Fully and Completely Respond to Defendants' Outstanding Discovery Requests Within Thirty (30) Days As Prescribed by the Federal Rules of Civil Procedure.**

Pursuant to Fed. R. Civ. P. 34 a party must respond within thirty (30) days to a Request for the Production of Documents. See Fed. R. Civ. P. 34(b). Moreover, pursuant to Fed. R. Civ. P. 34, "[t]he party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request. . ." Specifically, Fed. R. Civ. P. 37, permits a party, "upon reasonable notice to other parties and all persons affected thereby, [to] apply for an order compelling disclosure or discovery… The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(B).

Here, on September 6, 2002, defense counsel served Initial Disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure and a Request for Production of Documents upon plaintiff's counsel. It has been over sixty (60) days since defense counsel served the above-mentioned written discovery request and plaintiff has failed to respond, nor has plaintiff's counsel moved for a protective order under the Federal Rules of Civil Procedure.

Defense counsel made numerous attempts to contact plaintiff's counsel inquiring as to when plaintiff intended to produce the outstanding discovery. In fact, on three separate occasions, specifically, October 14th, October 17th and October 31st, defense counsel sent letters to plaintiff's counsel regarding the outstanding discovery. In addition to the above-mentioned

letters, defense counsel personally telephoned plaintiff's counsel on several occasions inquiring as to whether plaintiff intended on complying with defendants' discovery requests.

Despite defense counsel's extensive efforts, plaintiff has not provided responses to any of defendants' discovery requests. Significantly, plaintiff has not even served defense counsel with his Initial Disclosures required by Fed R. Civ. P. 26(a)(1). If plaintiff continues to withhold this outstanding discovery, defendants will be severely prejudiced.

Moreover, defense counsel has made a good faith effort to resolve this issue amicably, in an attempt to avoid the need for judicial intervention. However, due to plaintiff's failure to cooperate with both written discovery, and Fed. R. Civ. P. 26(a)(1) governing Initial Disclosures, defendants are forced to seek an Order compelling plaintiff to respond to defendants' requests, and comply with the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

**WHEREFORE**, defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, respectfully request that this Honorable Court grant their Motion to Compel and Order plaintiff to respond to defendants' outstanding discovery requests, and provide defendants with plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within seven (7) days, as set forth in the proposed Order.

Respectfully submitted,
**McKissock & Hoffman, P.C.**

_____
Maureen P. Fitzgerald, Esquire
Melissa B. Gorsline, Esquire
1700 Market Street
Philadelphia, PA 19103-3930
(215) 246-2100
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused an original and one copy of Defendants, Fleet Credit Card Services, L.P. and Fleet Credit Card, LLC, Motion to Compel Plaintiff's Outstanding Discovery Responses to be mailed via first-class, postage prepaid to Lawrence Solomon, Esquire, at Solomon, Sherman & Gaby, 1207 Chestnut Street, 5th Floor, Philadelphia, PA 19107, on this _____ day of November, 2002.

_____
MAUREEN FITZGERALD

Dated: November  , 2002