IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| FLEET CREDIT CARD SERVICES, LP | : | CIVIL ACTION NO.: 02 CV 4709 |
| and FLEET CREDIT CARD, LLC | : | J. Green |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION
TESTIMONY ON DECEMBER 23, 2002**

Defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, by and through counsel, McKissock & Hoffman, P.C., hereby move this Honorable Court for an Order compelling plaintiff to appear for deposition testimony on December 23, 2002 or plaintiff will be precluded from testifying at the time of trial or in opposition to any of defendants' motions. In support thereof, defendants state as follows:

1. This action involves claims brought by plaintiff, Perry Shalley, against defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC. Plaintiff asserts claims of employment discrimination under the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, as well as, a state law claim for an accounting. (See Plaintiff's Complaint attached hereto as Exhibit "A").

2. As early as September 5, 2002, defense counsel, Maureen P. Fitzgerald, Esquire, attempted to schedule plaintiff's deposition in this matter. Notably, she provided plaintiff's counsel with six (6) possible dates for plaintiff's deposition to occur. Specifically, defense counsel suggested October 7, 10, 14, 15, 16, or 17, 2002. (See letter dated September 5, 2002 attached hereto as Exhibit "B").

3. Following numerous telephone calls to plaintiff's counsel in an effort to arrange a mutually convenient date, and in light of the approaching discovery deadline, on October 17, 2002, defense counsel was forced to unilaterally notice plaintiff's deposition for October 23, 2002. (See letter dated October 17, 2002 attached hereto as Exhibit "C").

4. On the same day, plaintiff's counsel informed defense counsel that he had been unable to locate and/or speak to his client and was uncertain if plaintiff would be available on October 23, 2002. Defense counsel urged plaintiff's counsel to make his client available prior to the October 31, 2002 discovery deadline. (See defense counsel's second letter dated October 17, 2002 attached hereto as Exhibit "D").

5. Again, plaintiff was unavailable to appear for deposition testimony; therefore, plaintiff's counsel indicated that he would seek an extension of the discovery deadline in this matter. On October 23, 2002, plaintiff's counsel and defense counsel stipulated and agreed to a sixty (60) day extension of the discovery deadline. (See Stipulation attached hereto as Exhibit "E").

6. On October 31, 2002, defense counsel sent another letter to plaintiff's counsel requesting to reschedule plaintiff's deposition during the weeks of November 18th or 25th. (See letter dated October 31, 2002 attached hereto as Exhibit "F").

7. Plaintiff's counsel never responded to defense counsel's request.

8. Therefore, on December 4, 2002, defense counsel unilaterally noticed plaintiff's deposition for December 12, 2002. (See letter dated December 4, 2002 attached hereto as Exhibit "G").

9. On December 10, 2002, defense counsel's office called to confirm that plaintiff's counsel was prepared to present his client for deposition testimony on December 12, 2002.

Plaintiff's counsel indicated that he was not available; however, his office assured defense counsel that he would be available to present his client on December 16, 17, 20 (in the afternoon), or 23. (See letter dated December 10, 2002 attached hereto as Exhibit "H").

10. On December 12, 2002, in accordance with plaintiff's counsel's available dates, defense counsel noticed plaintiff's deposition for December 23, 2002. (See letter dated December 12, 2002 attached hereto as Exhibit "I").

11. With the December 31, 2002, discovery deadline approaching, and in light of the history of cancellations with regard to plaintiff's deposition testimony, defendants respectfully request that this Court order plaintiff to appear for his deposition on December 23, 2002, as noticed.

12. Defendants will be severely and unduly prejudiced if plaintiff continues to cancel this scheduled deposition. Moreover, defendants will not be able to prepare a proper and adequate defense if plaintiff persists in disregarding the Federal Rules of Civil Procedure.

13. Further, defense counsel has made every effort to resolve this issue amicably and without the need for judicial intervention. Defense counsel has provided plaintiff and plaintiff's counsel with numerous opportunities to select a convenient and mutually agreeable date prior to the discovery deadline. However, despite defense counsel's efforts, plaintiff and/or plaintiff's counsel have been repeatedly unavailable and/or unwilling to go forward with plaintiff's deposition testimony.

**WHEREFORE**, defendants Fleet Credit Card Services, LP and Fleet Credit Card, LLC, respectfully request that this Honorable Court grant their Motion to Compel Plaintiff's Deposition Testimony on December 23, 2002, such that and if plaintiff fails to appear, this Court

will preclude plaintiff from testifying at trial or in opposition to any dispositive motion filed by defendants in this matter.

**McKissock & Hoffman, P.C.**

_____
Maureen P. Fitzgerald, Esquire
Melissa B. Gorsline, Esquire
Attorneys for Defendants

Dated:_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| FLEET CREDIT CARD SERVICES, LP | : | CIVIL ACTION NO.: 02 CV 4709 |
| and FLEET CREDIT CARD, LLC, | : | J. Green |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION TESTIMONY ON DECEMBER 23, 2002**

Defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC, by and through counsel, McKissock & Hoffman, P.C., hereby move this Honorable Court for an Order compelling plaintiff to appear for deposition testimony on December 23, 2002 or plaintiff will be precluded from testifying at the time of trial or in opposition to any of defendants' dispositive motions. In support thereof, defendants state as follows:

This action involves claims brought by plaintiff, Perry Shalley, against defendants, Fleet Credit Card Services, LP and Fleet Credit Card, LLC. Plaintiff asserts claims of employment discrimination under the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, as well as, a state law claim for an accounting. (See Plaintiff's Complaint attached hereto as Exhibit "A").

As early as September 5, 2002, defense counsel, Maureen P. Fitzgerald, Esquire, attempted to schedule plaintiff's deposition in this matter. Notably, she provided plaintiff's counsel with six (6) possible dates for plaintiff's deposition to occur. Specifically, defense counsel suggested October 7, 10, 14, 15, 16, or 17, 2002. (See letter dated September 5, 2002 attached hereto as Exhibit "B").

Following numerous telephone calls to plaintiff's counsel in an effort to arrange a mutually convenient date, and in light of the approaching discovery deadline, on October 17, 2002, defense counsel was forced to unilaterally notice plaintiff's deposition for October 23, 2002. (See letter dated October 17, 2002 attached hereto as Exhibit "C"). On the same day, plaintiff's counsel informed defense counsel that he had been unable to locate and/or speak to his client and was uncertain if plaintiff would be available on October 23, 2002. Defense counsel urged plaintiff's counsel to make his client available prior to the October 31, 2002 discovery deadline. (See defense counsel's second letter dated October 17, 2002 attached hereto as Exhibit "D"). Again, plaintiff was unavailable to appear for deposition testimony; therefore, plaintiff's counsel indicated that he would seek an extension of the discovery deadline in this matter. Therefore, on October 23, 2002, plaintiff's counsel and defense counsel stipulated and agreed to a sixty (60) day extension of the discovery deadline. (See Stipulation attached hereto as Exhibit "E").

On October 31, 2002, defense counsel sent another letter to plaintiff's counsel requesting to reschedule plaintiff's deposition during the weeks of November 18th or 25th. (See letter dated October 31, 2002 attached hereto as Exhibit "F"). Plaintiff's counsel never responded to defense counsel's request. Therefore, on December 4, 2002, defense counsel unilaterally noticed plaintiff's deposition for December 12, 2002. (See letter dated December 4, 2002 attached

hereto as Exhibit "G").  On December 10, 2002, defense counsel's office called to confirm that plaintiff's counsel was prepared to present his client for deposition testimony on December 12, 2002.  Plaintiff's counsel indicated that he was not available; however, his office assured defense counsel that he would be available to present his client on December 16, 17, 20 (in the afternoon), or 23.  (See letter dated December 10, 2002 attached hereto as Exhibit "G").  Subsequently, on December 12, 2002, in accordance with plaintiff's counsel's available dates, defense counsel noticed plaintiff's deposition for December 23, 2002.  (See letter dated December 12, 2002 attached hereto as Exhibit "H").

With the December 31, 2002, discovery deadline approaching, and in light of plaintiff's repeated cancellations of his deposition, it is critical that plaintiff be ordered to appear for his deposition testimony on December 23, 2002.  Defendants will be severely and unduly prejudiced if plaintiff continues to cancel these scheduled deposition dates.  Moreover, defendants will not be able to prepare a proper and adequate defense if plaintiff persists in disregarding the Federal Rules of Civil Procedure.

Notably, defense counsel has made every effort to resolve this issue amicably and without the need for judicial intervention.  Defense counsel has provided plaintiff and plaintiff's counsel with numerous opportunities to select a convenient and mutually agreeable date prior to the discovery deadline.  However, despite defense counsel's extensive efforts, plaintiff has been repeatedly unavailable and/or unwilling to go forward with plaintiff's deposition testimony.

**WHEREFORE**, defendants Fleet Credit Card Services, LP and Fleet Credit Card, LLC, respectfully request that this Honorable Court grant their Motion to Compel Plaintiff's Deposition Testimony on December 23, 2002, and order plaintiff to appear, or otherwise be

precluded from testifying at trial or in opposition to any motion filed by defendants in this matter.

**McKissock & Hoffman, P.C.**

_____
Maureen P. Fitzgerald, Esquire
Melissa B. Gorsline, Esquire
Attorneys for Defendants

Dated:_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date, I caused an original and one copy of Defendants, Fleet Credit Card Services, L.P. and Fleet Credit Card, LLC's, Motion to Compel Plaintiff's Deposition Testimony on December 23, 2002, to be mailed via first-class, postage prepaid to Lawrence Solomon, Esquire, at Solomon, Sherman & Gaby, 1207 Chestnut Street, 5th Floor, Philadelphia, PA 19107, on this 16th day of December, 2002.

_____
MAUREEN FITZGERALD

Dated: December 16, 2002