## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERRY SHALLEY,                          :
                                        :
          Plaintiff,                    :
                                        :
    v.                                  :
                                        :
FLEET CREDIT CARD SERVICES, LP          :     CIVIL ACTION NO.:  02 CV 4709
and FLEET CREDIT CARD, LLC              :     J. Green
                                        :
          Defendants.                   :

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendants, Fleet Credit Card Services, LP, and Fleet Credit Card, LLC ("Fleet"), by and through their counsel, hereby request this Honorable Court to enter judgment in their favor in the above-captioned action and to dismiss with prejudice the Complaint filed by Peter Shalley ("Plaintiff"), and in support hereof, Fleet alleges as follows:

1.      On June 12, 2002, Plaintiff filed his Complaint in this matter in which he asserted claims for violation of the Family and Medical Leave Act.

2.      Plaintiff alleges that after he took FMLA leave, Fleet violated the provisions of FMLA by failing to return him to an equivalent position.  Moreover, Plaintiff alleges that his eventual termination from Fleet is causally connected to his exercise of his rights under the FMLA.

3.      Plaintiff seeks, among other things, lost wages, damages, and attorney's fees in connection with his FMLA claim.

4.      Summary judgment in favor of Fleet and dismissal of Plaintiff's Complaint in its entirety, with prejudice, is warranted because there is no genuine issue as to any material fact, and Fleet is entitled to judgment in its favor as a matter of law.

5.      Fleet is entitled to summary judgment on Plaintiff's claims that he was not returned to the equivalent position at Fleet in violation of the FMLA because that claim is time barred by the applicable two-year statute of limitations for FMLA claims.

6.      In addition to statute of limitations, summary judgment is appropriate on Plaintiff's "equivalent position" claim under the FMLA because Plaintiff has conceded that the position to which he returned following his FMLA leave afforded him the same salary, the same benefits, and the same grade level as the position he occupied immediately prior to his FMLA.

7.      Fleet is entitled to summary judgment on Plaintiff's claim that his termination was causally linked to his FMLA leave because the ten weeks between Plaintiff's FMLA and his eventual termination is insufficient, as a matter of law, to establish a causal connection between the two events.   Moreover, Plaintiff cannot deny that the repeated warnings he received regarding his tardiness, absenteeism, and poor job performance, both before and after his FMLA leave, constitute legitimate business reasons for his termination.

8.      In support of this Motion, Fleet relies upon its Memorandum of Law, including its Statement of Undisputed Facts, the Affidavit of Jeff Healy, and the Exhibits attached to the Memorandum of Law, including excerpts from the deposition of Plaintiff, Perry Shalley.

WHEREFORE, Defendants, Fleet Credit Card Services, LP, and Fleet Credit Card, LLC, respectfully request the Court to enter judgment in their favor forthwith and to dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,

McKISSOCK & HOFFMAN, P.C.
Attorneys for Defendants

By: _____
     Maureen P. Fitzgerald, Esquire
     Melissa B. Gorsline, Esquire
     1700 Market Street, Suite 3000
     Philadelphia, PA  19103-3930
     (215) 246-2100
     (215) 246-2144 (facsimile)

Dated:  January _____, 2003

PRV_Motion -SJM (revised)/GFLANAGAN

## **CERTIFICATION OF SERVICE**

I hereby certify that the within Defendants' Motion for Summary Judgment, Exhibits, Memorandum of Law, including Statement of Undisputed Facts, and proposed form of Order were timely served by hand delivery to Lawrence Solomon, Esq., Solomon, Sherman & Gabay, 1207 Chestnut Street, 5th Floor, Philadelphia, Pennsylvania 19107, on the date set forth below.


_____
Maureen P. Fitzgerald
Melissa B. Gorsline


Dated:  January _____, 2003