**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FLEET CREDIT CARD SERVICES, LP | : | CIVIL ACTION NO.:  02 CV 4709 |
| and FLEET CREDIT CARD, LLC | : | J. Green |
| | : | |
|     Defendants. | : | |

## DEFENDANTS' REPLY TO PLAINTIFF'S ANSWER TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

McKISSOCK & HOFFMAN, P.C.
1700 Market Street, Suite 3000
Philadelphia, PA  19103-3930

                                                    Attorneys for Defendants

On the Brief:

    Maureen P. Fitzgerald
    Melissa B. Gorsline

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY SHALLEY, | : | |
| Plaintiff, | : | |
| v. | : | |
| FLEET CREDIT CARD SERVICES, LP and FLEET CREDIT CARD, LLC | : | CIVIL ACTION NO.:  02 CV 4709<br>J. Green |
| Defendants. | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S ANSWER TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In accordance with Local Rule 7.1(c), Defendants Fleet Credit Card Services, LP, and Fleet Credit Card, LLC ("Defendants" or "Fleet") reply to the matters raised by Plaintiff in his Answer to Defendants' Reply Brief in Support of Their Motion for Summary Judgment as follows:

**I.      Background**

This case involves Perry Shalley's ("Plaintiff" or "Shalley") allegation that Fleet violated his FMLA rights by reassigning him to a non-equivalent position following his FMLA leave. Actually, Plaintiff's division underwent reorganization during Plaintiff's leave, making reassignment to the same position impossible.

Defendants moved for summary judgment on January 29, 2003. On February 5, 2003, Plaintiff served his Answer to Defendants' Motion for Summary Judgment. In response, Defendants served their Reply Brief in Support of Their Motion for Summary Judgment ("Reply Brief") on March 26, 2003. Shalley has now filed a document entitled,

"Plaintiff's Answer to Defendants' Reply Motion for Summary Judgment" ("Plaintiff's Answer to Defendants' Reply Brief").

Apparently, Shalley relies on the provision in Local Rule 7.1(c), which provides that beyond the moving party's motion and the defending party's opposition, "[t]he Court may require or permit further briefs *if appropriate*." (emphasis added). The Rule does not specifically require that the parties seek leave of court before filing additional briefs. As set forth below, Shalley's most recent submission adds nothing new to his argument.

## II.     Plaintiff's Distinctions in the Cited Case Law are Without Consequence

The bulk of Plaintiff's Answer to Defendants' Reply Brief consists of futile attempts to distinguish the cases cited in Defendants' Reply Brief. Each so-called distinguishing factor, however, does not affect the proposition for which the case is cited. In this way, Plaintiff's "distinctions" are simply attempts to confound well-settled law. Although the facts in the cases cited by Defendants may be slightly different from the exact fact pattern in this action, the legal precedents in those cases are valid and applicable nevertheless.

## III.     Fleet's Reply Brief Did Not Name Any Additional Witnesses

The line of "argument" set forth on page 5 of Shalley's Answer to Defendants' Reply Brief is without merit. Apparently, Plaintiff is under the impression that Defendants "appear to have more witnesses at this juncture[,]" yet "do not have any detailed statements" from them. However, inasmuch as Rule 56 requires that evidence be viewed in the light most favorable to the non-moving party, Defendants' Reply Brief

relies solely on statements made by Plaintiff himself. The evidence Defendants have cited is limited to Shalley's own deposition testimony.[1]

## IV. Conclusion

Plaintiff's Answer to Defendant's Reply Brief is devoid of evidence to support his contention that Fleet violated Shalley's FMLA rights. Plaintiff has not distinguished the cases cited in Defendants' Reply Brief in any meaningful way. Furthermore, although Defendants will have a number of witnesses to support their position should this case proceed to trial, at this juncture in the case, Defendants have relied solely on Plaintiff's own statements and the uncontested affidavit of Jeff Healey. For the foregoing reasons, as well as the reasons stated in Defendants' Motion for Summary Judgment and Reply Brief in Support of its Motion for Summary Judgment, summary judgment in favor of Defendants is appropriate.

Respectfully submitted,

_____
Maureen P. Fitzgerald
Melissa B. Gorsline
McKissock & Hoffman, P.C.
1700 Market Street, Suite 3000
Philadelphia, PA 19103-3930

---

[1] In its original Memorandum of Law in support if Defendants' Motion for Summary Judgment, Defendants also submitted an uncontested affidavit by Plaintiff's supervisor, Jeff Healey.